1  Jeffrey Willis (NV Bar #4797)
   Erica J. Stutman (NV Bar #10794)
2  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
3  Las Vegas, NV 89169
   Telephone:  (702) 784-5200
4  Facsimile:   (702) 784-5252
   E-Mail: jwillis@swlaw.com
5            estutman@swlaw.com

6  *Attorneys for Defendant Wells Fargo Bank, N.A.*

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10

11 MAURICIO JASSO, individually and in his          Case No. 2:20-cv-00858-RFB-BNW
   capacity as the Court-Appointed Receiver of
12 JAMA INVESTMENT GROUP, INC.,                     **WELLS FARGO BANK, N.A.'S**
   GUILLERMO SESMA, SYLVIA                          **ANSWER TO COMPLAINT**
13 MARTINEZ SALINAS, BELISARIO
   JASSO BALDINI, JAVIER RAMIREZ
14 LARES, ANTONIO BACHALANI,
   RODRIGO FERNANCEZ JUAN ROMERO,
15 and BERNARDO VILLACECIAS,

16                    Plaintiffs,

17 v.

18 WELLS FARGO BANK, N.A.,
   KATHERINE DARRALL, and JOSE
19 RICO,

20                    Defendants.

21
       Defendant Wells Fargo Bank, N.A. ("Wells Fargo") answers Plaintiffs' Complaint
22
   as follows:
23
                         **INTRODUCTION**
24
       1.     Wells Fargo admits that Plaintiffs brought this action, and denies all
25
   remaining allegations in Paragraph 1.
26

27

28

2.     Wells Fargo denies that it provided substantial assistance to Maza's alleged fraud, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies them.

3.     Wells Fargo denies the allegations in Paragraph 3.

4.     The allegations in Paragraph 4 refer to a written document, the DOJ Deferred Prosecution Agreement dated February 20, 2020.  To the extent any allegations in Paragraph 4 are admitted in such written document, then they are also admitted for purposes of this action.  Wells Fargo affirmatively alleges that none of the actions identified in the agreement affected the accounts at issue in the Complaint, and denies any remaining allegations.

5.     Wells Fargo admits that Maza opened a bank accounts at Wells Fargo, and denies all remaining allegations in Paragraph 5.

## PARTIES, JURISDICTION AND VENUE

6.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8.     Wells Fargo admits that the main office on its organization certificate is Sioux Falls, South Dakota and is an indirect subsidiary of Wells Fargo & Company. Wells Fargo admits that it is one of the largest banks in the United States and that it has thousands of branches and ATMs, operates in numerous countries, and has millions of customers.  Because the numbers referenced in Paragraph 8 vary over time, Wells Fargo denies the allegations on that basis.

9.     Wells Fargo admits that this court has personal jurisdiction over Wells Fargo, and denies any remaining allegations in Paragraph 9.

10.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

11.     Wells Fargo admits that Darrall and Rico were employed with Wells Fargo between 2014 and 2019.  To the extent Paragraph 11 is referring to allegations in this Complaint which Wells Fargo admits, Wells Fargo admits that Darrall and Rico were acting within the course and scope of their employment and/or agency relationship with Wells Fargo.  Because it is unclear exactly which actions Paragraph 11 is referring to, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.     Wells Fargo denies the allegations in Paragraph 12.

13.     Wells Fargo admits that venue in this Court is proper, and denies the remaining allegations in Paragraph 13.

## FACTUAL ALLEGATIONS

14.     As to Wells Fargo, Wells Fargo denies the allegations in Paragraph 14. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 as to Maza, and therefore denies them.

15.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Wells Fargo admits that FPM had bank accounts maintained at Wells Fargo. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies them.

19.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.     Wells Fargo denies the allegations in Paragraph 26.

27.     Wells Fargo denies the allegations in Paragraph 27.

28.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32.     Wells Fargo admits that JAMA and FPM had accounts at Wells Fargo. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies them.

33.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34.     Wells Fargo admits that JAMA opened an account at Wells Fargo, and denies the remaining allegations in Paragraph 34.

35.    To the extent the allegations in Paragraph 35 refer to conduct by Wells Fargo, the allegations are denied.  To the extent the allegations refer to conduct by Maza, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37.    Wells Fargo denies the allegations in Paragraph 37.

38.    Wells Fargo lacks knowledge or information sufficient to form a belief as to any date that Jasso met with Maza and Darrall, and therefore denies that allegation.  Wells Fargo denies the remaining allegations in Paragraph 38.

39.    Wells Fargo denies the allegations in Paragraph 39.

40.    Wells Fargo denies the allegations in Paragraph 40.

41.    Wells Fargo denies the allegations in Paragraph 41.

42.    Wells Fargo denies the allegations in Paragraph 42.

43.    Wells Fargo denies the allegations in Paragraph 43.

44.    Wells Fargo denies the allegations in Paragraph 44.

45.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to why the JAMA business account had been closed by one national bank and refused by another two banks, or what Jasso knew.  Wells Fargo denies all remaining allegations in Paragraph 45.

46.    Wells Fargo denies the allegations in Paragraph 46.

47.    Wells Fargo admits that JAMA opened an account at Wells Fargo in approximately October 2014.  Wells Fargo denies all remaining allegations in Paragraph 47.

48.    Wells Fargo denies the allegations in Paragraph 48.

49.    Wells Fargo denies the allegations in Paragraph 49.

50.    Wells Fargo denies the allegations in Paragraph 50.

51.    Wells Fargo denies the allegations in Paragraph 51.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

52.     Wells Fargo denies the allegations in Paragraph 52.

53.     Wells Fargo denies the allegations in Paragraph 53.

54.     Wells Fargo denies the allegations in Paragraph 54.

55.     Wells Fargo denies the allegations in Paragraph 55.

56.     Wells Fargo admits that Maza and his entities had various accounts at Wells Fargo.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56.

57.     Wells Fargo admits that transfers to and from FPM's accounts were made as reflected in the account records, and denies any allegations contrary to such records. Wells Fargo denies any remaining allegations in Paragraph 57.

58.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to where the wire transfers were sent.  Wells Fargo denies all remaining allegations in Paragraph 58.

59.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.     Wells Fargo believed Maza's business involved real estate investments. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore denies them.

61.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62.     Wells Fargo denies the allegations in Paragraph 62.

63.     Wells Fargo denies the allegations in Paragraph 63.

64.     Wells Fargo denies the allegations in Paragraph 64.

65.     Wells Fargo denies that it made untrue representations, and denies that a cursory review of the FPM accounts would have shown that any statements made by Wells Fargo were false.   Wells Fargo therefore denies all allegations in Paragraph 65.

66.     Wells Fargo denies the allegations in Paragraph 66.

67.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

69.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70.     As to Wells Fargo, Wells Fargo denies the allegations in Paragraph 70. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 as to Maza, and therefore denies them.

71.     Wells Fargo denies the allegations in Paragraph 71.

72.     Wells Fargo denies the allegations in Paragraph 72.

73.     Wells Fargo denies the allegations in Paragraph 73.

74.     Wells Fargo denies the allegations in Paragraph 74.

75.     Wells Fargo denies the allegations in Paragraph 75.

76.     As to Wells Fargo, Wells Fargo denies the allegations in Paragraph 76. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 as to Maza, and therefore denies them.

77.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

82.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

83.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies them.

84.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them.

85.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86.      Wells Fargo denies the allegations in Paragraph 86.

87.      Wells Fargo admits that Rico is a licensed broker representative for Wells Fargo Advisors who is registered to buy and sell securities with various exchanges since approximately 2018.  Paragraph 87 references written documents, which speak for themselves.  Wells Fargo denies any remaining allegations.

88.      Wells Fargo denies the allegations in Paragraph 88.

89.      Wells Fargo denies the allegations in Paragraph 89.

90.      Wells Fargo denies the allegations in Paragraph 90.

91.      Wells Fargo denies that it and Rico engaged in deception.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore denies them.

92.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them.

93.      Wells Fargo denies that Rico assisted Maza in any alleged lie.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore denies them.

94.      Paragraph 94 references a document, which speaks for itself, and Wells Fargo denies the allegations if they do not accurately reflect the contents of the referenced document.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and therefore denies them.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

95.     Wells Fargo denies the allegations in Paragraph 95.

96.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations that FPM forwarded an email to Jasso, and therefore denies them.  Wells Fargo denies the remaining allegations in Paragraph 96.

97.     Wells Fargo denies that Rico helped to conceal that the FPM accounts' balances were almost worthless.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 and therefore denies them.

98.     In response to Paragraph 98, Wells Fargo states that the referenced document speaks for itself and denies the allegations if they do not accurately reflect the contents of the referenced document.  Wells Fargo denies the remaining allegations in Paragraph 98.

99.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100.     Wells Fargo denies the allegations in Paragraph 100.

101.     Wells Fargo denies that it or Rico made any fraudulent misrepresentation.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and therefore denies them.

102.     Wells Fargo denies that a Wells Fargo employee lied in order to substantially assist, to facilitate and to conceal Maza's alleged fraud.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and therefore denies them.

103.     Wells Fargo denies the allegations in Paragraph 103.

104.     Wells Fargo admits that in or around December 2018, Rico visited FPM's office and Maza, Gerardo Gamboa and Pedro Asper were present, among other people.  Wells Fargo denies that Rico assisted Maza to "sell the lie and assuage investor concerns" or that Maza and Rico had a scheme or "had met earlier to coordinate their lies to tell to Maza's investors."  Wells Fargo lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 104 and therefore denies them.

105.   Wells Fargo denies the allegations in Paragraph 105.

106.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 relating to actions of others, and therefore denies them.  As to any conduct by Wells Fargo and Rico, Wells Fargo denies the allegations.

107.   Wells Fargo denies the allegations in Paragraph 107.

108.   Wells Fargo denies the allegations in Paragraph 108.

109.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore denies them.

110.   Wells Fargo denies the allegations in Paragraph 110.

111.   In response to Paragraph 111, Wells Fargo states that the referenced document speaks for itself and denies the allegations if they do not accurately reflect the contents of the referenced document.  Wells Fargo denies the remaining allegations in Paragraph 111.

112.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies them.

113.   Wells Fargo denies the allegations in Paragraph 113.

114.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 about Jasso and Maza's alleged conduct, and therefore denies them.  As to Wells Fargo and Rico's conduct, Wells Fargo denies the allegations.  Additionally, the allegations also reference a document, which speaks for itself and Wells Fargo denies any allegations inconsistent with any such document.

115.   Wells Fargo denies the allegations in Paragraph 115.

116.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 about Jasso's alleged conduct, and therefore denies them.  As to Wells Fargo and Rico's conduct, Wells Fargo denies the allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Additionally, the allegations reference a document, which speaks for itself and Wells Fargo denies any allegations inconsistent with any such document.

117.    Paragraph 117 references a document, which speaks for itself and Wells Fargo denies any allegations inconsistent with any such document.  Wells Fargo denies the remaining allegations in Paragraph 117.

118.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

119.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

121.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

122.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.

123.    Wells Fargo denies the allegations in Paragraph 123.

124.    Wells Fargo denies the allegations in Paragraph 124.

125.    Paragraph 125 references a document, which speaks for itself and Wells Fargo denies any allegations inconsistent with any such document.  Wells Fargo denies the remaining allegations in Paragraph 125.

126.    Wells Fargo denies the allegations in Paragraph 126.

127.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129.    Paragraph 129 references a document, which speaks for itself and Wells Fargo denies any allegations inconsistent with any such document.  Wells Fargo denies the remaining allegations in Paragraph 129.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

130.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies them.

131.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and therefore denies them.

132.    Wells Fargo admits only that in 2019 in the Wells Fargo branch at which Darrall worked, Maza and Jasso asked Darrall to discuss the FPM account, that Darrall would not provide details of the account to Jasso, who was not a signatory or owner of the account, and that Darrall conveyed to Maza and Jasso that she was not involved in whatever they were arguing about (of which Darrall was unaware because Maza and Jasso were speaking in Spanish to each other).  As to Wells Fargo and Darrall's conduct, Wells Fargo denies the remaining allegations in Paragraph 132.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 about Maza's alleged conduct, and therefore denies them.

133.    Wells Fargo denies the allegations in Paragraph 133.

134.    Wells Fargo admits only that in 2019, Maza and Jasso and a third man showed up at Darrall's Wells Fargo branch and that Darrall conveyed that she did not have time to meet, but nonetheless did end up speaking to them.  Wells Fargo denies the remaining allegations in Paragraph 134.

135.    Wells Fargo admits only that Jasso, Maza, and another man went into Darrall's office to discuss the FPM accounts, and that they appeared to be arguing with each other in Spanish.  Wells Fargo denies the remaining allegations in Paragraph 135.

136.    Wells Fargo admits that Darrall would not provide details of the FPM account to Jasso, who was not a signatory or owner of the account.  Wells Fargo denies the remaining allegations in Paragraph 136.

137.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies them.

138.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and therefore denies them.

139.    Wells Fargo admits that Rico and Darrall are still employed by Wells Fargo. Wells Fargo denies the remaining allegations in Paragraph 139.

140.    Wells Fargo admits the FPM and JAMA accounts have been closed and therefore, currently have no funds.  Wells Fargo denies all remaining allegations in Paragraph 140 relating to Wells Fargo's alleged conduct.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 as to Maza's alleged conduct, and therefore denies them.

141.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and therefore denies them.

142.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore denies them.

143.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and therefore denies them.

144.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and therefore denies them.

145.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore denies them.

## <u>FIRST CAUSE OF ACTION: NEGLIGENCE</u>

(Wells Fargo and Darrall)

146.    Wells Fargo incorporates its responses to Paragraphs 1-145 above.

147.    Wells Fargo denies the allegations in Paragraph 147.

148.    Wells Fargo denies the allegations in Paragraph 148.

149.    Wells Fargo denies the allegations in Paragraph 149.

150.    Wells Fargo denies the allegations in Paragraph 150

151.    Wells Fargo denies the allegations in Paragraph 151.

152.    Wells Fargo denies the allegations in Paragraph 152.

153.    Wells Fargo denies the allegations in Paragraph 153.

154.    Wells Fargo denies the allegations in Paragraph 154

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

155.   Wells Fargo denies the allegations in Paragraph 155.

156.   Wells Fargo denies the allegations in Paragraph 156.

157.   Wells Fargo denies the allegations in Paragraph 157.

158.   Wells Fargo denies the allegations in Paragraph 158.

## SECOND CAUSE OF ACTION: NEGLIGENCE

(Defendants)

159.   Wells Fargo incorporates its responses to Paragraphs 1-158 above.

160.   Wells Fargo denies the allegations in Paragraph 160.

161.   Wells Fargo denies the allegations in Paragraph 161.

162.   Wells Fargo denies the allegations in Paragraph 162.

163.   Wells Fargo denies the allegations in Paragraph 163.

164.   Wells Fargo denies the allegations in Paragraph 164.

165.   Wells Fargo denies the allegations in Paragraph 165.

166.   Wells Fargo denies the allegations in Paragraph 166.

167.   Wells Fargo denies the allegations in Paragraph 167.

168.   Wells Fargo denies the allegations in Paragraph 168.

169.   Wells Fargo denies the allegations in Paragraph 169.

170.   Wells Fargo denies the allegations in Paragraph 170.

171.   Wells Fargo denies the allegations in Paragraph 171.

## THIRD CAUSE OF ACTION: AIDING AND ABETTING
## BREACH OF FIDUCIARY DUTY

(Defendants)

172.   Wells Fargo incorporates its responses to Paragraphs 1-171 above.

173.   Wells Fargo denies the allegations in Paragraph 173 as to Wells Fargo's alleged conduct.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 as to Maza's alleged conduct, and therefore denies them.

174.   Wells Fargo denies the allegations in Paragraph 174.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

175. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.

176. Wells Fargo denies the allegations in Paragraph 176.

177. Wells Fargo denies the allegations in Paragraph 177.

178. Wells Fargo denies the allegations in Paragraph 178.

179. Wells Fargo denies the allegations in Paragraph 179.

180. Wells Fargo denies the allegations in Paragraph 180.

## FOURTH CAUSE OF ACTION: FRAUDULENT MISREPRESENTATION

### (Defendants)

181. Wells Fargo incorporates its responses to Paragraphs 1-180 above.

182. Wells Fargo denies the allegations in Paragraph 182 as to Wells Fargo's alleged conduct. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 as to others' alleged conduct, and therefore denies them.

183. Wells Fargo denies the allegations in Paragraph 183.

184. Wells Fargo denies the allegations in Paragraph 184.

185. Wells Fargo denies the allegations in Paragraph 185.

186. Wells Fargo denies the allegations in Paragraph 186.

187. Wells Fargo denies the allegations in Paragraph 187.

188. Wells Fargo denies the allegations in Paragraph 188.

189. Wells Fargo denies the allegations in Paragraph 189.

## FIFTH CAUSE OF ACTION: FRAUDULENT INDUCEMENT

### (Wells Fargo and Darrall)

190. Wells Fargo incorporates its responses to Paragraphs 1-189 above.

191. Wells Fargo denies the allegations in Paragraph 191.

192. Wells Fargo denies the allegations in Paragraph 192.

193. Wells Fargo denies the allegations in Paragraph 193.

194. Wells Fargo denies the allegations in Paragraph 194.

195.   Wells Fargo denies the allegations in Paragraph 195.

196.   Wells Fargo denies the allegations in Paragraph 196.

197.   Wells Fargo denies the allegations in Paragraph 197.

## SIXTH CAUSE OF ACTION: FRAUDULENT CONCEALMENT

### (All Defendants)

198.   Wells Fargo incorporates its responses to Paragraphs 1-197 above.

199.   Wells Fargo denies the allegations in Paragraph 199 as to Wells Fargo's alleged conduct.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 as to Maza's alleged conduct, and therefore denies them.

200.   Wells Fargo denies the allegations in Paragraph 200.

201.   Wells Fargo denies the allegations in Paragraph 201.

202.   Wells Fargo denies the allegations in Paragraph 202.

203.   Wells Fargo denies the allegations in Paragraph 203.

204.   Wells Fargo denies the allegations in Paragraph 204.

205.   Wells Fargo denies the allegations in Paragraph 205.

206.   Wells Fargo denies the allegations in Paragraph 206.

207.   Wells Fargo denies the allegations in Paragraph 207.

208.   Wells Fargo denies the allegations in Paragraph 208.

## SEVENTH CAUSE OF ACTION: CIVIL CONSPIRACY

### (Wells Fargo and Rico)

209.   Wells Fargo incorporates its responses to Paragraphs 1-208 above.

210.   Wells Fargo denies the allegations in Paragraph 210.

211.   Wells Fargo denies the allegations in Paragraph 211.

212.   Wells Fargo denies the allegations in Paragraph 212.

213.   Wells Fargo denies the allegations in Paragraph 213.

214.   Wells Fargo denies the allegations in Paragraph 214.

215.   Wells Fargo denies the allegations in Paragraph 215.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

216. Wells Fargo denies the allegations in Paragraph 216.

217. Wells Fargo denies the allegations in Paragraph 217.

218. Wells Fargo denies the allegations in Paragraph 218.

219. Wells Fargo denies that Plaintiffs are entitled to any relief they request in the Prayer For Relief.

220. Wells Fargo denies all allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and statutes of repose.

3. Plaintiffs' claims may be barred by the doctrines of estoppel, waiver, and laches.

4. Wells Fargo owed no duty of care to Plaintiffs.

5. Plaintiffs' claims are barred in whole or in part due to Plaintiffs' contributory or comparative negligence.

6. Plaintiffs' claims are barred in part by the economic loss doctrine.

7. Plaintiffs' claims are barred by NRS 162.030.

8. Plaintiffs' claims are barred to the extent they rely on Know Your Customer rules because Plaintiffs lack a right of action.

9. Wells Fargo acted in good faith with respect to all transactions at issue.

10. Wells Fargo observed reasonable commercial standards of dealing in all transactions at issue.

11. Wells Fargo exercised ordinary care with respect to all transactions at issue.

12. Wells Fargo's relationship with its customers is governed by the terms and conditions of the applicable account agreement, and Wells Fargo incorporates by reference any defenses, avoidances, and limitations of the account agreement referenced

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

therein.

13.     Wells Fargo specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery in this action, and hereby reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully defended, Wells Fargo prays for the following relief:

A.     That Plaintiffs' Complaint be dismissed with prejudice as against Wells Fargo and that Plaintiffs take nothing thereby;

B.     That Wells Fargo be awarded its costs and attorneys' fees pursuant to any applicable law or agreement; and

C.     Such other and further relief as the Court deems just and proper.

Dated:  June 23, 2020.                    SNELL & WILMER L.L.P.


By:  _s/Erica J. Stutman_
     Jeffrey Willis
     Nevada Bar #4797
     Erica J. Stutman
     Nevada Bar #10794
     3883 Howard Hughes Parkway, Suite 1100
     Las Vegas, Nevada 89169

     *Attorneys for Wells Fargo Bank, N.A.*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this date, I electronically transmitted the **WELLS FARGO'S**

3

**ANSWER TO COMPLAINT** with the Clerk of Court for the U.S. District Court, District

4

of Nevada by using the Court's CM/ECF system for filing.  Participants in the case who are

5

registered CM/ECF users will be served by the CM/ECF system.

6

I further certify that I have e-mailed and mailed the foregoing document by First-

7

Class Mail, postage fully prepaid, to the following:

8

Rew R. Goodenow, Esq.

9

Parsons Behle & Latimer
50 West Liberty Street, Suite 750
Reno, NV 89501

10

RGoodenow@parsonsbehle.com

11

*Attorneys for Plaintiffs*

12

13

DATED: June 23, 2020.

14

15

*s/Jacquelynn Lundgren*

16

An employee of SNELL & WILMER L.L.P.

4812-1853-1005.2

17

18

19

20

21

22

23

24

25

26

27

28

*Snell & Wilmer*
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 19 -