ANTHONY P. SGRO, ESQ.
Nevada Bar 3811
COLLEEN N. SAVAGE, ESQ.
Nevada Bar 14947
SGRO & ROGER
720 S. 7th Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone:  (702) 384-9800
Facsimile:  (702) 665-4120
tsgro@sgroandroger.com
csavage@sgroandroger.com

AXS LAW GROUP, PLLC
Courtney Caprio (*Admitted Pro Hac Vice*)
Florida Bar No. 933961
Jeffrey W. Gutchess (*Admitted Pro Hac Vice*)
Florida Bar No. 702641
Andrew E. Beaulieu (*Admitted Pro Hac Vice*)
Florida Bar No. 115097
2121 NW 2nd Avenue, Suite 201
Miami, Florida 33127
Telephone: 305-297-1878
courtney@axslawgroup.com
jeff@axslawgroup.com
andy@axslawgroup.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAURICIO JASSO, individually and in his capacity as the Court-Appointed Receiver of JAMA INVESTMENT GROUP, INC., GUILLERMO SESMA, SYLVIA MARTINEZ SALINAS, BELISARIO JASSO BALDINI, JAVIER RAMIREZ LARES, ANTONIO BACHALANI, RODRIGO FERNANDEZ, JUAN ROMERO and BERNARDO VILLACECIAS,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., KATHERINE DARRALL and JOSE RICO,<br><br>Defendants. | Case No. 2:20-CV-00858-RFB-BNW<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT A TO MOTION FOR RECONSIDERATION** |

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IA 10-5, Plaintiffs, Mauricio Jasso, individually and in his capacity as court-appointed Receiver of JAMA Investment Group, Inc. (the "Receiver"), Guillermo Sesma, Sylvia Martinez Salinas, Belisario Jasso Baldini, Javier Ramirez Lares, Antonio Bachalani, Rodrigo Fernandez, Juan Romero and Bernardo Villacecias (collectively, "Plaintiffs"), by and through counsel, move for an order permitting Plaintiffs to file under seal Exhibit A to their contemporaneously filed Motion for Reconsideration, in addition to the portions of the Motion and/or other exhibits discussing that document. Exhibit A has been designated "Highly Confidential" by Wells Fargo, and the Parties' Stipulated Protective Order requires such documents to be filled under seal. This Motion is based upon the following Memorandum of Points and Authorities and the attached Stipulated Protective Order [D.E. 25].

DATED:  October 21, 2021

SGRO & ROGER

BY:  */s/ Anthony P. Sgro*
Anthony P. Sgro, Bar No. 3811
Colleen N. Savage, Bar No. 14947
720 S. 7th Street, 3rd Floor
Las Vegas, Nevada 89101

AND

AXS LAW GROUP, PLLC
Jeffrey W. Gutchess
Florida Bar No. 702641
jeff@axslawgroup.com
Courtney Caprio
Florida Bar No. 933961
courtney@axslawgroup.com
Andrew E. Beaulieu
Florida Bar No. 115097
andy@axslawgroup.com
2121 NW 2nd Avenue, Suite 201
Miami, Florida 33127
*Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs submit the following Memorandum of Points and Authorities in support of their Motion for Leave to File Under Seal Exhibit A to the Motion for Reconsideration, in addition to the portions of the Motion that discuss that Exhibit.

I.   **LEGAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 5.2(d), "[t]he court may order that a filing be made under seal without redaction." To determine whether to seal a particular filing, courts must "'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). If, after balancing these interests, a court decides to seal certain records, it must "articulate the factual basis for its ruling." *Id.* (citation omitted).

Although public access is generally presumed, the Ninth Circuit has recognized an exception for a "'sealed discovery document attached to a non-dispositive motion' such that 'the usual presumption of the public's right of access is rebutted.'" *Id.* (emphasis in original) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Where a party seeks to keep sealed documents attached to a non-dispositive motion, "[a] 'good cause' showing under Rule 26(c) will suffice." *Id.* at 1180. Good cause exists under Rule 26(c) if the movant makes a "particularized showing" that the need for confidentiality outweighs the need for public discovery. *Id.* (citation omitted); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting courts to enter protective order to prevent dissemination of "trade secret or other confidential research, development or commercial information").

Good cause exists to file under seal Exhibit A to the Motion for Reconsideration, in addition to the portions of that Motion discussing those alerts. This document that has been designated by Wells Fargo as "Highly Confidential," which the parties' Stipulated Protective Order defines as:

> [C]ontain[ing] or reflect[ing] information that the producing party claims in good faith constitutes confidential financial information of an individual, trade secrets, confidential financial or business plans or strategies, or other highly sensitive,

3

personal or proprietary information that may cause competitive, commercial or financial injury if disclosed beyond the disclosures allowed in paragraph 8(d), below.

ECF No. 25, ¶ 8(b), attached hereto as **Exhibit A**. Paragraph 8(d) directs that discovery materials designated as "HIGHLY CONFIDENTIAL" should be filed "under seal using the Court's electronic filing procedures." *See id.* at ¶¶ 8(c)(i), 8(d), 12(a).

Exhibit A to the Motion for Reconsideration, attached hereto as **Composite Exhibit B**, represents information produced by Wells Fargo designated as "HIGHLY CONFIDENTIAL" because it allegedly contains Wells Fargo's "trade secrets, confidential financial or business plans and strategies, or other highly sensitive, personal or proprietary information that may cause competitive, commercial or financial injury." *See* Exhibit A, ¶ 8(b). But that document, in addition to any discussion of its contents, are necessary for the Court to evaluate Plaintiffs' request that Wells Fargo be required to produce its User Guides that pertain to the automated account monitoring software. In particular, Exhibit A is the newly produced evidence that calls into question the functionality of Wells Fargo's automated account monitoring software – necessitating the Court's reconsideration of its Order denying Plaintiffs' request to compel the production of the User Guides, especially given Wells Fargo's recent representation that it could not suppress alerts. Indeed, and according to the Motion for Reconsideration, the User Guides would show (a) whether Wells Fargo actually possessed the ability to suppress alerts (either bank-wide or specifically as to Daniel Maza-Noriega's accounts); (b) who may authorize any such suppression; (c) the timeframe for the suppression; and (d) the types of activities deemed acceptable for suppression. Thus, the Court's review of Exhibit A to the Motion is necessary to rule on Plaintiffs' request for reconsideration, and therefore provides good cause for the Court to permit Plaintiffs to file that exhibit under seal. Fed. R. Civ. P. 26(c)(1)(G).

Accordingly, and consistent with *Kamakana* and the parties' Stipulated Protective Order, Plaintiffs respectfully request that the Court permit Plaintiffs to file under seal Exhibit A to the Motion for Reconsideration, in addition to Plaintiffs' discussion of that document included in the Motion and any other exhibits attached thereto.

4

**LIST OF EXHIBITS**

| EXHIBIT | DOCUMENT | BATES NO. |
|---------|----------|-----------|
| A | ECF No. 25 | EXH 001 – EXH 018 |
| B | Exhibit A to the Motion for Reconsideration | EXH 019 – EXH 021 |

DATED: October 21, 2021

                     By:  */s/ Anthony P. Sgro*
                     SGRO & ROGER
                     720 S. 7th Street, 3rd Floor
                     Las Vegas, Nevada 89101
                     Anthony P. Sgro, Bar No. 3811
                     tsgro@sgroandroger.com
                     Colleen N. Savage, Bar No. 14947
                     csavage@sgroandroger.com

                     AND

                     AXS LAW GROUP, PLLC
                     2121 NW 2nd Avenue, Suite 201
                     Miami, Florida 33127
                     Jeffrey W. Gutchess
                     Florida Bar No. 702641
                     jeff@axslawgroup.com
                     Courtney Caprio
                     Florida Bar No. 933961
                     courtney@axslawgroup.com
                     Andrew E. Beaulieu
                     Florida Bar No. 115097
                     andy@axslawgroup.com
                     *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of October, 2021, I served a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT A TO PLAINTIFFS' MOTION FOR RECONSIDERATION through the Court's CM/ECF System, which sent an electronic notification to the following below.

>Jeffrey Willis, Esq.
>Erica J. Stutman, Esq.
>SNELL & WILMER L.L.P.
>3883 Howard Hughes Pkwy., Suite 1100
>Las Vegas, NV 89169
>jwillis@swlaw.com
>estutman@swlaw.com

/s/ *Sarena Woods*
An Employee of Sgro & Roger

6