# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mauricio Jasso, *et al*., | Case No. 2:20-cv-00858-RFB-BNW |
| Plaintiffs, | |
| v. | **Order re ECF No. 132** |
| Wells Fargo Bank, N.A., *et al.,* | |
| Defendants. | |

Before the Court is Plaintiffs' motion to compel. ECF 132. Defendants opposed at ECF No. 160, and Plaintiffs replied at ECF No. 168.

On December 21, 2022, this Court initially entered an oral order granting Plaintiffs' request to compel Wells Fargo to produce the Exit Customer Relationship Policy. At that time, this Court understood the policy would list the specific types of suspicious activities that would trigger the exit of a particular account (e.g., deposits/withdrawals over a certain amount, transfers to certain countries, etc.). After this Court pronounced the order, Wells Fargo brought to the Court's attention that the policy did not contain that information. This Court asked Wells Fargo to produce the policy for in-camera review and withdrew the oral order to review the contents of the policy.

## I. Applicable Law

Discovery is broad. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997). Parties may obtain discovery on any nonprivileged matter (a) relevant to any party's claim or defense and (b) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

When a party fails to provide requested discovery, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). When the discovery sought appears relevant on its face, the party resisting discovery bears the burden of establishing the lack of relevance. *Krause v. Nevada Mutual Insurance Company*, 2014 WL 496936, at *3 (D. Nev. Feb. 6, 2014). Conversely, if the relevance of the discovery sought is not apparent, then the party seeking discovery bears the burden of establishing the relevance of the request. *Id*. Once the relevance hurdle is cleared, the party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *U.S. EEOC v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006).

The Court has broad discretion to permit or deny discovery, and its decision will not be disturbed "except upon the clearest showing" that the denial "results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## II. Analysis

In previous orders, this Court limited discovery to policies that were "applicable to Maza's accounts." The Court has now had the ability to review the content of the policies.[1] After having reviewed the policy in question, the Court still finds the policy is applicable to Maza's account. While the policy does not provide any level of detail regarding the specific transactions that would trigger an exit, it lists categories of activities that might require an account to be exited. In addition, the policy includes language acknowledging there are circumstances in which accounts can be subject to immediate closure. Thus, the policy is relevant to "the types of suspicious activities that would trigger the account's closure[;]" and whether "the BSA Exit Policy *should* have applied to Maza's accounts[.]" *See* ECF No. 168 at 3, 5 (emphasis in

---

[1] Wells Fargo produced five versions of the same policy as updated on the following dates: January 22, 2014; April 29, 2014; May 31, 2016; and September 12, 2018. There is also a policy with the date "MONTH XX, 20XX[,]" which appears to be a template from which policies may have been drafted.

original). In short, the policy could provide information as to whether Wells Fargo ignored red flags which, in turn, could serve as circumstantial evidence of knowledge.

### III.  Conclusion and Order

**IT IS THEREFORE ORDERED** that ECF No. 132 is **GRANTED**. Wells Fargo shall make the policies available to Plaintiffs within 10 days of this Order.

DATED: February 4, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE