UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jasso, et al., | Case No. 2:20-cv-00858-CDS-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Wells Fargo Bank, N.A., et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to seal, ECF No. 221, and Defendants' motion to seal, ECF No. 226. Neither motion is opposed, and Defendants submitted a response as additional support for Plaintiffs' motion.

**I.      Legal Standard**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in nondispositive materials," the Court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive

motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179).

### II.    ECF No. 221:  Exhibits 3-7 to Plaintiffs' Motion for Leave to File a Reply (ECF No. 222) Will Remain Sealed and the Proposed Reply at ECF 222-1 Will Remain Redacted, as Plaintiffs Have Met the Compelling Reasons Standard

On January 31, 2022, this Court issued a report and recommendation denying Plaintiffs' Motion to Amend. ECF No. 199 at p. 7. Plaintiffs objected (ECF No. 207) and are currently seeking to file a reply in support of those objections (Motion for Leave to Reply at ECF No. 222).[1] Plaintiffs' motion at ECF No. 221 seeks to seal Exhibits 3-7 attached to their Motion for Leave to File a Reply at ECF No. 222. It also seeks to redact the substantive discussion of those exhibits contained in the proposed reply at ECF No. 222-1.

The proposed reply is related to a dispositive motion, as the report and recommendation denies Plaintiffs' request to add a claim against Defendants (ECF No. 199 at p. 7).[2] Plaintiffs seek to seal these documents because they contain "excerpts of policies and documents that have been designated 'Highly Confidential' by Wells Fargo, and the Parties' Stipulated Protective Order." ECF No. 221 at 2. Plaintiffs contend that the protective order requires such documents (and any discussion of those documents) to be filed under seal. *Id.* Even though these documents may be subject to a protective order, Ninth Circuit law still requires this Court to apply the compelling reason standard. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (finding that documents subject to a protective order are filed under seal as attachments to dispositive motions are still subject to the 'compelling reasons' standard).

---

[1] The proposed Reply is currently redacted at ECF No. 222-1. The sealed and unredacted version of the proposed reply is at ECF No. 223-1.

[2] While the Court applies the "compelling reasons" standard for Plaintiffs' motion, the motion still passes the "good cause" standard proposed by Plaintiffs because "good cause" is a lower standard than the one the Court applies. The Court applies the "compelling reasons" standard because the instant motion is directly related to a report and recommendation that, if approved, would dispose of Plaintiffs' claims completely.

The Court reviewed the documents at issue in Exhibits 3-7 and finds that compelling reasons exist to seal them. The documents contain sensitive information – and discussions about that sensitive information – regarding Wells Fargo's business practices and procedures that could be used for an improper purpose if allowed into the public record. *See Kamakana*, 447 F.3d at 1179.

The Court also reviewed the unredacted portions of the proposed reply (at ECF No. 223-1) and finds that compelling reasons exist for redaction. These portions contain sensitive business information that could be used for an improper purpose if allowed to be in the public record. *See Kamakana*, 447 F.3d at 1179.

Accordingly, the Court grants Plaintiffs' motion to seal Exhibits 3-7 to ECF No. 222 and their request to maintain ECF No. 222-1 in a redacted format.

**III.    ECF No. 226: Defendant's Opposition to Plaintiffs' Motion for Leave to File a Reply will Remain Redacted, and the Exhibit Attached to that Motion will Remain Sealed, as Plaintiffs Have Met the Compelling Reasons Standard**

Defendants seek to redact portions of their Opposition to Plaintiffs' Motion for Leave to File a Reply at ECF No. 228 and to maintain the exhibit attached to the opposition under seal.[3] Defendants' opposition relates to whether Plaintiffs should be allowed to file a reply in support of their objections to a report and recommendation. Thus, it does not relate to a dispositive matter nor is it more than tangentially related to the merits of the case. Defendants seek to seal these documents because the material is "derived from or relates to Wells Fargo's internal, non-public investigative processes and procedures." ECF No. 226 at 6.

The Court reviewed the unredacted portions of the opposition at issue (ECF No. 227) as well as the exhibit and finds that good cause exists to redact and seal this information. The information in question contains sensitive business information that could be used for an improper purpose if allowed to be in the public record. *See Kamakana*, 447 F.3d at 1179. Accordingly, the Court grants Defendants' motion.

---

[3] The unredacted opposition and exhibit are currently sealed at ECF No. 227.

IT IS THEREFORE ORDERED that Plaintiffs' motion at ECF No. 221 and Defendants' motion at ECF No. 226 are GRANTED.

IT IS FURTHER ORDERED that Exhibits 3-7 to Plaintiffs' Motion for Leave (ECF No. 222) shall remain under seal, and any discussions of those exhibits in the motion will remain redacted.

IT IS FURTHER ORDERED that Exhibit 1 to Defendants' Opposition (ECF No. 227) shall remain sealed.

DATED: July 8, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE