UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mauricio Jasso, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Wells Fargo Bank, N.A., *et al.*, <br><br> Defendants. | Case No. 2:20-cv-00858-CDS-BNW <br><br> **ORDER re ECF Nos. 238, 243, and 254** |

Before the Court are several motions to seal and redact documents.

First is Plaintiffs' motion seeking to seal exhibits to and redact portions of their Sixth Motion to Compel.[1] ECF No. 238. Defendants do not oppose the request. ECF No. 242.

Next is Defendants' motion seeking to seal exhibits to and redact portions of their Response to Plaintiffs' Sixth Motion to Compel.[2] ECF No. 243. No opposition has been filed.

Lastly, Defendants seek to seal exhibits to and redact portions of their Motion for Protective Order.[3] ECF No. 254. No opposition has been filed.

This Court applies the caselaw below to each of the motions addressed in this order.

**I.   Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the

---

[1] The sealed and unredacted version of Plaintiffs' Sixth Motion to Compel and exhibits is filed at ECF No. 239. The unsealed and redacted version is at ECF No. 237.
[2] The sealed and unredacted version of Defendants' response to Plaintiffs' Sixth Motion to Compel and exhibits is filed at ECF No. 244. The unsealed and redacted version is at ECF No. 241.
[3] The sealed and unredacted version of Defendants' Motion for Protective Order is filed at ECF No. 252. The unsealed and redacted version is at ECF No. 253.

1

public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (internal quotation marks and citation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

//

//

**A.     Plaintiffs' motion at ECF No. 238 seeking to seal exhibits to and redact portions of their Sixth Motion to Compel**

Plaintiffs seek to seal Exhibits B-D, G, I, and R-T to their Sixth Motion to Compel and to redact portions of their Motion to Compel discussing these exhibits. ECF No. 238. Defendants do not oppose the request. ECF No. 242.

Because these documents are attached to a non-dispositive motion and are not more than tangentially related to the merits of the case, the Court applies the good cause standard. *Pintos*, 605 F.3d at 678.

Here, the Court finds Plaintiffs and Defendants demonstrated good cause to seal Exhibits B-D, G, I, and R-T to Plaintiffs' Sixth Motion to Compel and to redact portions of the Motion to Compel discussing these exhibits. These exhibits reference Defendants' internal and nonpublic investigative processes and procedures. These internal and nonpublic investigative processes and procedures constitute sensitive, commercially related information. *See Dannenbring v. Wynn Las Vegas, LLC*, No. 2:12-cv-00007-JCM-VCF, 2013 WL 2460401, at *4–6 (D. Nev. June 6, 2013) (ordering that exhibit related to internal investigation into plaintiff was properly filed under seal in light of "the sensitive nature of Defendant's confidential internal investigations"). The Court agrees that the public has no interest in having access to this information.

Like the referenced Exhibits, the text underlying the redactions on pages 8, 12–14, and 18–22 to Plaintiffs' motion relates to Defendants' internal, nonpublic investigative processes. For the same reasons discussed above, there is good cause for these redactions.

**B.     Defendants' motion at ECF No. 243 seeking to seal exhibits to and redact portions of their Response to Plaintiffs' Sixth Motion to Compel**

Defendants seek to seal Exhibits 4, 5, and 7 to their Response to Plaintiffs' Sixth Motion to Compel. ECF No. 243. In addition, Defendants seek to redact information found in Exhibits 1, 3, and 6 and on pages 2, 6, 10–15, and 18–22 of their Response. *Id*. No opposition has been filed.

Because the attached documents relate to a response to a non-dispositive motion and are not more than tangentially related to the merits of the case, the Court applies the good cause standard. *Pintos*, 605 F.3d at 678.

The Court finds Defendants demonstrated good cause to seal Exhibits 4, 5, and 7 to their Response to Plaintiffs' Sixth Motion to Compel and to redact information found in Exhibits 1, 3, and 6 and on pages 2, 6, 10–15, and 18–22 of the Response. Exhibits 1 and 3–7 reference or set forth Defendants' internal and nonpublic investigative processes and procedures. These internal and nonpublic investigative processes and procedures constitute sensitive, commercially related information. *Dannenbring,* 2013 WL 2460401, at *4–6. The Court agrees that the public has no interest in having access to this information.

Like the referenced Exhibits, the text underlying the redactions on pages 2, 6, 10–15, and 18–22 of the Response relates to Defendants' internal, nonpublic investigative processes. For the same reasons discussed above, there is good cause for these redactions.

### C. Defendants' motion at ECF No. 254 seeking to seal exhibits to and redact portions of their Motion for Protective Order

Defendants seek to file Exhibits 1, 2, and 4 under seal and redact the portions of their Motion for Protective Order that discuss these Exhibits. ECF No. 254. No opposition has been filed.

Because the attached documents relate to a non-dispositive motion and are not more than tangentially related to the merits of the case, the Court applies the good cause standard. *Pintos*, 605 F.3d at 678.

The Court finds that Defendants demonstrated good cause to seal Exhibits 1, 2, and 4 to their Motion for Protective Order. Exhibits 1, 2, and 4 reference personally identifying information of third parties or reveal information about Defendants' internal, non-public investigative processes and procedures. These internal and nonpublic investigative processes and procedures constitute sensitive, commercially related information. *Dannenbring,* 2013 WL 2460401, at *4–6. The Court agrees that the public has no interest in having access to this information.

Like the referenced Exhibits, the text underlying the redactions in their Motion for Protective Order also reference personally identifying information of third parties or reveal

information about Wells Fargo's internal, non-public investigative processes and procedures. For the same reasons discussed above, there is good cause for these redactions.

## II. Conclusion and Order

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Seal at ECF No. 238 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal Plaintiffs' unredacted Sixth Motion to Compel and accompanying exhibits at ECF No. 239.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal at ECF No. 243 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal Defendants' unredacted Response to Plaintiffs' Sixth Motion to Compel and accompanying exhibits at ECF No. 244.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal at ECF No. 254 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal Defendants' unredacted Motion for Protective Order and accompanying exhibits at ECF No. 252.

**IT IS FURTHER ORDERED** that the hearing set for August 4, 2022 regarding only ECF Nos. 238 and 243 is **VACATED**.

**IT IS FURTHER ORDERED** the hearing set for September 1, 2022 regarding only ECF No. 254 is **VACATED**.

DATED: August 1, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE