UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mauricio Jasso, et al., <br><br> Plaintiffs <br><br> v. <br><br> Wells Fargo Bank, N.A., et al., <br><br> Defendants | Case No. 2:20-cv-00858-CDS-BNW <br><br> **Order Affirming Magistrate Judge's Decision and Overruling Defendants' Appeal** <br><br> [ECF Nos. 309, 316] |

     Mauricio Jasso, JAMA Investment Group, and a host of other plaintiffs sue Wells Fargo Bank and two of its employees in this fraud cause, alleging that non-party Daniel Maza-Noriega (Maza) conducted a Ponzi scheme with the bank's assistance and participation. The plaintiffs assert that they invested significant money in Maza's business, First Prime Mortgage, and that he funneled those funds from a Wells Fargo account into other accounts without the plaintiffs' consent. Discovery is nearly closed, but the plaintiffs seek to depose one more witness, a Wells Fargo employee named Alexander Nelson, whom they characterize as "the key percipient witness to the specific conduct at issue in the litigation." ECF No. 319 at 3. I recently held a status hearing on several pending motions and resolved most of them orally on the record after hearing the parties' arguments. ECF No. 323. At the conclusion of that hearing, I announced that I would issue a written order resolving the defendants' appeal of the magistrate judge's decision to allow Nelson's deposition to proceed. Having considered the parties' written papers and oral argument, I affirm the magistrate judge's decision and overrule the defendants' appeal of it because I find that the magistrate judge's order was not clearly erroneous or contrary to law.

I.  Background

    *a.*    *Procedural history*

In October 2022, the defendants moved for a protective order, seeking to prevent the plaintiffs from deposing Nelson. ECF No. 291. The plaintiffs opposed the motion, and the defendants replied. ECF Nos. 300, 305. Magistrate Judge Brenda Weksler denied the defendants' motion on November 16, 2022. ECF No. 309. The defendants timely object to her denial, arguing that Judge Weksler erred and that the plaintiffs did not meet the applicable excusable-neglect and good-cause standards in seeking to depose Nelson after the requisite discovery deadlines had passed. ECF No. 316. The plaintiffs oppose the objection. ECF No. 319. The defendants sought leave to file a reply in support of their objection, which I recently granted; they then filed their reply. ECF Nos. 320–22.

    *b.*    *Relevant facts*

The defendants aver that the only reason Nelson was ever on the witness list is that they needed to question him about a "fabricated letter supposedly authored by Mr. Nelson." ECF No. 291 at 3. But that need "was mooted when fact witness Lucy Herrera—whom [p]laintiffs represent in this case—admitted at her deposition that the letter that was purportedly authored by Mr. Nelson was indeed forged . . . meaning Wells Fargo no longer had a need to call Mr. Nelson to establish that fact at trial." *Id.* So in February 2022, "[p]laintiffs' counsel agreed not to notice Mr. Nelson's deposition if Wells Fargo de-designated Mr. Nelson as a trial witness, which Wells Fargo did." ECF No. 291 at 4. The defendants believed "[t]hat ended the matter." *Id.*

According to the plaintiffs, they later learned that Nelson's signature appeared on wire transfer documents, showing that he authorized fund transfers. The plaintiffs note that they did not pay much attention to Nelson's name earlier in discovery because the defendants had explained that he was out on medical leave, and they were not sure when he would return to work or be available for questioning. But once some time had passed and their understanding of the case developed, the plaintiffs realized that "Nelson's key role as Maza's business banker for

activity that Wells Fargo investigated for money laundering is therefore crucial for [p]laintiffs' case," and "they are entitled to cross examine him on his knowledge of [various] businesses and the (il)legitimacy of the multi-million-dollar wire transfers he approved and facilitated." ECF No. 300 at 4. The plaintiffs assert that "when [they] learned about Mr. Nelson's central role in the case, the deadline to complete all depositions was set to expire on October 7, 2022." ECF No. 300 at 4 (citing ECF No. 270 at 5). "Thus, Plaintiffs' counsel first renewed their request to depose Mr. Nelson on September 7, 2022." *Id.* (citing ECF No. 300-3 at 4). The plaintiffs continue that "Wells Fargo did not respond, and so [p]laintiffs' counsel repeated their request to depose Mr. Nelson on September 19, 2022." *Id.* (citing ECF No. 300-3 at 3). "Notably, in between these two renewed requests to depose Mr. Nelson, the parties also filed a joint motion for extension of time to extend the [c]ourt's [s]cheduling [o]rder deadlines, and noted that" the plaintiffs would take the depositions of two named Wells Fargo employees, Carolyn Carlson and Elizabeth Stanley. *Id.* (citing ECF No. 282 at 3).

On September 30, 2022, plaintiffs revived their request to depose Nelson. ECF No. 291-1. They indicated that the deposition would take place on October 20, 2022. *Id.* at 3. But the defendants contend that they have de-designated Nelson as a trial witness, and that the plaintiffs have neither identified him in their own disclosures as a trial witness nor explained their untimely need to depose him. ECF No. 291 at 4. In sum, the defendants argue that Nelson should not be deposed because his "deposition was noticed out of time, is beyond the presumptive limits of Fed. R. Civ. P. 30(b)(2), and there is not good cause [for] the taking of this deposition out of time and despite Rule 30's protections." *Id.*

The plaintiffs counter that their request to depose Nelson is timely and was properly noticed. ECF No. 300. They argue that the defendants "would not be prejudiced by one additional deposition of a witness." *Id.* at 2. And they note that they "elected not to depose either Ms. Carlson or Ms. Stanley, but rather sought to depose Mr. Nelson instead to prevent any Wells Fargo objection based on exceeding the number of fact-witness depositions." *Id.* at 4–5.

## II. Legal standard

Magistrate judges have limited authority to rule on non-dispositive motions, and parties may appeal such orders by filing and serving written objections. LR IB 3-1(a); 28 U.S.C. § 636. The opposing party may respond, but the objecting party is only permitted to reply with the court's leave. LR IB 3-1(a). The objecting party must show that "the magistrate judge's order is clearly erroneous or contrary to law." *Id.* And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order," or "may also remand the matter to the magistrate judge with instructions." *Id.* at (b). A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

## III. Discussion

Judge Weksler denied the defendants' motion for a protective order and ordered that Nelson's deposition must be scheduled no later than November 30, 2022, and conducted no later than December 30, 2022. ECF No. 309 at 6. She gave the following as her reasons for denying the motion: (1) plaintiffs' notice to depose Mr. Nelson was timely, and (2) plaintiffs have shown good cause and excusable neglect to extend deadlines in order to depose Mr. Nelson. ECF No. 309 at 3. She reasoned that the plaintiffs had good cause to seek Nelson's deposition because he "is a Wells Fargo employee who authorized several of the allegedly suspicious wire transfers that inform [p]laintiffs' complaint." *Id.*. She further discusses that "[p]laintiffs have only deposed 12 Wells Fargo employees" and that the testimony from Nelson cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive, as only Mr. Nelson can speak to his interactions and communications with Mr. Maza as well as the wire transfers that he authorized and the reasons for doing so." *Id.*

4

Another reason that Judge Weksler found constituted good cause was that "Wells Fargo played a role in delaying [p]laintiffs' noticing Mr. Nelson's deposition by representing that Mr. Nelson was too ill to be deposed and by not responding to [p]laintiffs' renewed request in early September 2022 to depose Mr. Nelson for several weeks." *Id.* (citing ECF No. 300-3; Fed. R. Civ. P. 26(2)(C)(ii)). She found that the plaintiffs were diligent in seeking to depose Nelson. Further, Judge Weksler explained that "Wells Fargo has been on notice since at least August 2021 that [p]laintiffs were interested in deposing Mr. Nelson," and she concluded that the defendants would not be prejudiced by the deposition. *Id.* at 4. Lastly, she explained that the parties agreed in September 2022 to the depositions of two specific Wells Fargo employees, and the plaintiffs have since clarified that they seek to depose Nelson "*in lieu of* the two named employees." *Id.* "Any (undue) burden that Wells Fargo may experience by this substitution is outweighed by the fact that [p]laintiffs will be deposing one—rather than two—of its employees." *Id.*

As far as Wells Fargo's argument that the plaintiffs have exceeded the ten-deposition limit, Judge Weksler found that position "unpersuasive." *Id.* She explained that because Wells Fargo already agreed to two additional depositions beyond the limit of ten, doing one deposition of Nelson in lieu of the other two "would not run afoul of the 10-deposition limit." *Id.* at 5. She went beyond that to conclude that even if the parties did not agree to the deposition, "[p]laintiffs have made a particularized showing for taking an additional deposition of Mr. Nelson and . . . the burden does not outweigh any likely benefit." *Id.*

Judge Weksler's order does not constitute clear error and is not contrary to law.[1] She reasoned that the plaintiffs' notice to depose Nelson was timely and that they showed good cause and excusable neglect in requesting to extend the discovery deadlines to depose him. I concur. Based on the record before me, the defendants delayed in responding to the plaintiffs'

---

[1] Nor did she evaluate the defendants' motion under the incorrect standard, as she found that the plaintiffs met their burden to demonstrate both good cause and excusable neglect and concluded that the defendants failed to demonstrate that they would be prejudiced under Federal Rule of Civil Procedure 26. So to the extent that the defendants appeal the standard that Judge Weksler applied in her order, I overrule it and find that she did not err in her analysis of the parties' burdens.

renewed request to depose Nelson. The plaintiffs asked the defendants on September 7 and 19 about deposing Nelson, but the defendants did not respond until September 28. ECF No. 300 at 4–5. When the plaintiffs initially requested to depose Nelson, the operative deadline for them to complete depositions was October 7, 2022. ECF No. 270 at 5. So when the plaintiffs renewed their request to depose Nelson, after learning about his involvement in the approval of wire transfers, they still had one month before the deadline to complete depositions. Through no fault of the plaintiffs, the defendants failed to respond to the initial request (and a reminder) for several weeks. While it may not have been possible to complete the deposition within that timeframe due to the defendants' delayed response, I agree with Judge Weksler's assessment that the plaintiffs' request itself was timely.

As Judge Weksler points out in her order, the parties agreed to two additional depositions of fact witnesses, Carlson and Stanley, around the same time that the ongoing dispute about Nelson occurred. The parties have since agreed not to depose either of those witnesses, and the plaintiffs seek to depose Nelson in their place. I therefore find that the plaintiffs have demonstrated good cause and excusable neglect in seeking Nelson's deposition, and the defendants would not be unduly prejudiced by it because they already agreed to two additional depositions, which are no longer slated to occur. Discovery deadlines have been extended in this case a multitude of times, and it is time for the litigation to move forward beyond the discovery phase. I therefore order that the defendants' appeal of Judge Weksler's order is overruled, and I affirm her order in full. The plaintiffs may depose Nelson and must coordinate with the defendants and through the appropriate channels with Judge Weksler's chambers to schedule the deposition as soon as possible and extend discovery deadlines—hopefully one final time—to accommodate its scheduling.

IV. Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's order denying the defendant's motion for a protective order **[ECF No. 309] is AFFIRMED**, and the defendants' appeal of that decision **[ECF No. 316] is OVERRULED**. The plaintiffs may depose Alexander Nelson, and if they require additional time to do so beyond the current December 31, 2022, deadline, then they must request it from the magistrate judge.

DATED: December 21, 2022

_____
Cristina D. Silva
United States District Judge