UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mauricio Jasso, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Wells Fargo Bank, N.A., *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-00858-CDS-BNW<br><br>**ORDER** |

Plaintiffs seek to redact their Reply and seal Exhibit 1.[1] ECF No. 361. Defendants do not oppose the request. Plaintiffs have not met their burden of showing good cause to redact the document in question or to seal the exhibit. As a result, Plaintiffs' motion is denied.

**I.    Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached

---

[1] The redacted version of Plaintiffs' motion is at ECF No. 362. The sealed and unredacted version is at ECF No. 363.

documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1180). Under Fed. R. Civ. P. 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The standard which applies to Rule 26(c) is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (internal quotation marks and citation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion that are not more than tangentially related to the merits of the case. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179).

1. **Good cause does not exist to redact Plaintiffs' Reply and seal Exhibit 1 attached to the motion.**

Here, Plaintiffs are seeking to redact their Reply in Support of their Motion to Compel 30(b)(6) Deposition Regarding AML Alerts and AML Software User Guides and seal Exhibit 1. ECF No. 361 at 2. Plaintiffs are seeking to redact discussion of confidential and proprietary Wells Fargo information included in the Motion to Compel. *Id.* These documents are related to a non-dispositive motion, and they are not more than tangentially related to the merits of the case. Accordingly, the good cause standard applies to whether these documents should be redacted and sealed.

It appears that Plaintiffs are operating out of an abundance of caution in seeking to redact and seal the Reply and Exhibit 1 thereto as a result of the protective order agreed to by the parties. That is, Plaintiffs state that documents which contain "excerpts of policies, documents, correspondence, declarations, and deposition transcripts that have been designated 'Highly

Confidential' by Wells Fargo" must be filed under seal. *Id.* In addition, Plaintiffs explain that the protective order requires discussions about any such documents to be filed under seal. *Id.*

But stipulated protective orders alone do not justify sealing court records. See, e.g., *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)").

Plaintiffs do not actually explain, specifically, what confidential or proprietary information each individual document contains. Accordingly, finding no good cause, the Court will deny ECF No. 361 without prejudice.

However, since the protective order pertains to the Defendants' proprietary information, Defendants may still wish to redact or seal the aforementioned documents. If either the Plaintiffs or Defendants would like to do so, a motion to seal must be filed within 30 days from today explaining, specifically, why good cause exists to redact the motion and seal the exhibits in question. If no such motion is filed, the aforementioned documents will be unsealed.

**II.  Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Seal (ECF No. 361) is **DENIED** without prejudice. The Clerk of Court is directed to maintain under seal ECF No. 363. Parties are cautioned that if no motion is filed within 30 days from today, this docket entry will be unsealed.

DATED: June 15, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE