UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mauricio Jasso, et al., | Case No. 2:20-cv-00858-CDS-BNW |
| Plaintiffs | |
| v. | **Order Denying Defendant Jose Rico's Motion to Seal Exhibits** |
| Wells Fargo Bank, N.A., et al., | [ECF No. 382] |
| Defendants | |

Defendant Jose Rico moves to seal three exhibits to his motion for summary judgment (ECF Nos. 380-8, 380-11, 380-13) because the stipulated protective order requires the parties to file any "confidential" or "highly confidential" documents under seal. ECF No. 382. In support of his motion, Rico attaches a copy of the protective order. ECF No. 382-1.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The public policies that support the right of access to dispositive motions and related materials, do not apply with equal force to non-dispositive materials. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Ninth Circuit reasoned that when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* Thus, a "particularized showing" (*Foltz*, 331 F.3d at 1138) under the good-cause standard of Federal Rule

of Civil Procedure 26(c) will "suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1135.

However, the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Id.* at 1136. The Ninth Circuit adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d 1172, 1179 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *accord Foltz*, 331 F.3d at 1135–36 (noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford v. The New Yorker Mag.*, 846 F.2d 249, 252 (4th Cir. 1988)). Consequently, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. "The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1135–36). Further, "[t]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.") *Id.* (quoting *Foltz*, 331 F.3d at 1135–36 (internal citations omitted)).

Here, Rico seeks to seal a deposition transcript and expert reports merely because they are marked as "confidential" or "highly confidential." *See generally* ECF No. 382. Because I find that these terms, on their own, do not meet the compelling-reasons standard, IT IS HEREBY ORDERED that Rico's motion to seal **[ECF No. 382] is DENIED** without prejudice. If Rico chooses to file a motion that demonstrates the existence of compelling reasons to privacy, he must do so by **August 25, 2023**, or the exhibits will be unsealed without further notice.

DATED:  August 10, 2023

_____
Cristina D. Silva
United States District Judge