1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                          **DISTRICT OF NEVADA**
6                                  * * *
7    Mauricio Jasso,                            Case No. 2:20-cv-858-RFB-BNW
8                        Plaintiff,
                                                **ORDER**
9        v.
10   Wells Fargo, et al.,
11                       Defendant.
12

13          Before the Court is Defendant Wells Fargo's Motion to redact portions of its supplemental

14   authorities at ECF No. 410.[1] ECF No. 411. No opposition has been filed.

15       **I.       Legal authorities**

16          Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City &*

17   *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly

18   accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of

19   overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to

20   seal the record must articulate compelling reasons supported by specific factual findings that

21   outweigh the general history of access and the public policies favoring disclosure, such as the

22   public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal

23   quotation marks and citations omitted). The Ninth Circuit has further held that the full

24   presumption of public access applies to technically non-dispositive motions and attached

25   documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr.*

26   *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

27
28   ─────────────────
     [1] The unredacted and sealed document is at ECF No. 412.

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in non-dispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion. *Id.* "Non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

## II.    Analysis

Wells Fargo moves to redact the names of some of Wells Fargo's automated transaction monitoring systems.

Because these documents are attached to a non-dispositive motion, the Court applies the good cause standard. Here, the Court finds that Wells Fargo has made specific factual showings demonstrating good cause exists to redact the supplement at issue. These internal and non-public investigative processes and procedures constitute sensitive, commercially related information. *See Aevoe Corp. v. Ae Tech. Co.*, 2013 U.S. Dist. LEXIS 74241, *5, 2013 WL 2302310 (D. Nev. May 24, 2013) (finding good cause to seal financial information and product specifications, which

were treated as sensitive business information); *see also Dannenbring v. Wynn Las Vegas, LLC*, No. 2:12-cv-00007-JCMVCF, 2013 WL 2460401, at *4-6 (D. Nev. June 6, 2013) (ordering that exhibit related to internal investigation into plaintiff was properly filed under seal in light of "the sensitive nature of Defendant's confidential internal investigations"). Protecting this non-public information outweighs the public interest in accessing this litigation's records or understanding the judicial process in relation to this case.

**III.    Conclusion**

   **IT IS THEREFORE ORDERED** that Wells Fargo's motion at ECF No. 411 is **GRANTED**.

   **IT IS FURTHER ORDERED** that the Clerk of Court shall maintain ECF No. 412 under seal.


   DATED: September 18, 2023

   BRENDA WEKSLER
   UNITED STATES MAGISTRATE JUDGE