UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Mauricio Jasso, et al.,

              Plaintiffs

  v.

Wells Fargo Bank, N.A., et al.,

              Defendants

Case No. 2:20-cv-00858-CDS-BNW[1]

**Omnibus Order Setting Hearing on Plaintiffs' Motions to Seal, to Strike Joinder, and for Leave; Granting Defendant Rico's Motion to Withdraw; and Granting Defendants' Motion to Seal**

[ECF Nos. 386, 408, 426, 427, 430, 432, 443, 446]

      Presently before the court are five motions for leave to redact and file under seal (ECF Nos. 408, 426, 430, 432, 442), one motion to strike the joinder (ECF No. 427), one motion to withdraw (ECF. No. 408), and one motion for leave to deem a filing timely (ECF No. 446). The parties filed the motions in connection with defendants' motions for summary judgment (ECF No. 383) and plaintiffs' cross motion for partial summary judgment (ECF No. 387). For the following reasons: (1) plaintiffs' motions (ECF Nos. 386, 427, 430, 432, 443, 446) are set for hearing; (2) defendant Jose Rico's motion to withdraw (ECF No. 408) is granted; and (3) defendants Katherine Darrall and Wells Fargo Bank, N.A.'s motion to redact and seal (ECF No. 426) is granted.

**I.    Legal standard**

      "[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, a litigant may request court records be sealed or redacted. *Id.* In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This strong presumption of

---

[1] This matter was administratively reassigned to me on May 18, 2022. ECF No. 234. Counsel is advised to amend their caption so that future filings bear the correct case number: 2:20-cv-00858-CDS-BNW. *Id.*

access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Id.* at 1136. The Ninth Circuit adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Valley Broadcasting Co.*, 798 F.2d at 1294); *accord Foltz*, 331 F.3d at 1135–36 (noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford* v. *The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where ... documents subject to a protective order are filed under seal as attachments to a dispositive motion. The ... 'compelling reasons' standard continues to apply.") (internal citations omitted). In the Ninth Circuit, the moving party is required to present "articulable facts" identifying the interests favoring secrecy. *Kamakana*, 447 F.3d at 1181 (quoting *Foltz*, 331 F.3d at 1136).

II.     Discussion

       A. **Plaintiffs' motions to redact and seal motions, responses, and exhibits (ECF Nos. 386, 430, 432, 443); motion to strike joinder (ECF No. 427); and motion to deem filing timely (ECF No. 446) are set for hearing.**

Plaintiffs filed four motions for leave to redact and file under seal in connection with their motion for partial summary judgment and defendants' motions for summary judgment. ECF Nos. 386, 430, 432, 443. I defer resolution of these motions absent more information and clarification from plaintiffs.

While plaintiffs proffer putatively "compelling reasons" to seal certain documents, such as avoiding public exposure of Wells Fargo's sensitive business information and/or confidential customer banking information (*see, e.g.*, ECF No. 386 at 4), upon initial review of the documents

plaintiffs cite for sealing, it appears that many either do not contain any information which would necessitate sealing, or appear susceptible to public filing after discrete pieces are redacted. For example, plaintiffs seek to seal certain deposition excerpts which do not appear to reveal any information which could reasonably need to be kept secret, or only discuss such information in very discrete passages. *See, e.g.*, ECF No. 392-14; ECF No. 428-11 at 76–86. Plaintiffs also request to seal certain documents which already redact personal identifiable and/or sensitive information. *See, e.g.*, ECF No. 392-6; ECF No. 393-13–15; ECF No. 444-3. Moreover, in the overlap of requests, plaintiffs seek to seal and not to seal identical documents (*compare* ECF No. 386 (exhibit 90) *with* ECF No. 432 (exhibit 15)). To assist the court, plaintiffs will need to provide "articulable facts" demonstrating compelling reasons for sealing or keeping sealed *each* proposed exhibit, and/or propose to the court redactions on exhibits implicating only the material which warrants secrecy, s*ee Chaker-Delnero v. Nevada Federal Credit Union*, 2:06-cv-00008-JAD-EJY, at *2 (D. Nev. July 28, 2021) ("[S]ealing documents is improper when confidential information can instead be redacted."), at a motions hearing on **December 18, 2023 at 10:00 a.m.** in LV Courtroom 6B.

### B. Defendant Rico's motion to withdraw (ECF No. 408) is granted.

In July 2023, defendant Jose Rico filed a motion to seal three exhibits in support of his motion for summary judgment. ECF No. 382. I denied that request because he did not meet the compelling reasons standard. ECF No. 407. Following that denial, Rico filed a motion seeking to withdraw two of the exhibits (ECF No. 380-11; ECF No. 380-13) and to enter his non-opposition to the unsealing of the third exhibit (ECF No. 380-8). ECF No. 408. Having considered the motion, and there being no opposition thereto, the motion to withdraw and unseal is granted. The Clerk of Court is kindly directed to withdraw the exhibits found at ECF Nos. 381-2, 381-3, and 381-4. The Clerk of Court further instructed to unseal ECF No. 381 and 381-1.

### C. Defendants' motion to redact minimal portions of and seal one exhibit to their partial summary judgment response (ECF No. 426) is granted.

Defendants Katherine Darrall and Wells Fargo seek leave to publicly file the redacted version of their response to plaintiffs' motion for partial summary judgment while keeping the unredacted version and exhibit 75 under seal. ECF No. 426. Defendants argue that the redacted words and exhibit contain, in part, personal financial account information and information that reveals a portion of Bank of America's internal and non-public investigative processes and procedures. *Id.* at 2–3. They contend that Bank of America designated the testimony confidential. *Id.* at 3. While I find that the term "confidential" is not talismanic, I find that protecting Bank of America's investigative process as it relates their fraud detection practices to be a compelling reason to seal outweighing the public interest in disclosure. The redactions are narrowly tailored such that any interested observer would be able to understand these proceedings and are publicly filed (ECF Nos. 421, 422). Thus, the motion to redact and seal is granted. The Clerk of Court is kindly directed to maintain the seal on ECF Nos. 424, 425.

### III. Conclusion

IT IS HEREBY ORDERED that plaintiffs' motions to redact and seal motions, responses, and exhibits (ECF Nos. 386, 430, 432, 443); motion to strike joinder (ECF No. 427); and motion to deem filing timely (ECF No. 446) are set for hearing on **December 18, 2023 at 10:00 a.m.** in LV Courtroom 6B.

IT IS FURTHER ORDERED that defendant Rico's motion to withdraw **[ECF No. 408] is granted**. The Clerk of Court is kindly directed to strike the exhibits found at ECF No. 380-11, ECF No. 380-13, ECF No. 381-2, ECF No. 381-3, and ECF No. 381-4. The Clerk of Court is further directed to unseal ECF Nos. 381 and 381-1.

IT IS FURTHER ORDERED that defendants Darrall and Wells Fargo's motion to redact minimal portions of and seal one exhibit to their response **[ECF No. 426] is granted.** The Clerk of Court is kindly directed to maintain the seal on ECF Nos. 424, 425.

DATED:  December 1, 2023

_____
Cristina D. Silva
United States District Judge